UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| DAVID C. CLAPP., | : |
| Plaintiff, | : |
| v. | : Case No. 1:25-cv-1538 |
| CONCERGIX, LLC, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, by counsel, bring this Complaint for federal statutory damages and states as follows:

### INTRODUCTION

1. Plaintiff David Clapp has decades of experience as a business executive.

2. Much of that experience in the past twenty years has been in the medical and hospice industry.

3. In March 2024 in good faith negotiated for an employment agreement with Defendant Concergix, LLC to serve as a salaried employee as its Chief Operating Officer ("COO").

4. At the time Concergix was a start-up and the initial term was for three months with a salary of $10,000.00 per month.

5. That salary was to be paid each month.

6. Concergix failed to meet it's obligations to make those monthly payments.

7. Subsequently, Concergix asked to extend the term through the end of 2024 with an

agreed upon salary of $10,000.00 per month.

8. Clapp agreed to the extension and that he should be paid for all sums due monthly by December 2024.

9. With the expectation of being compensated at the end of 2024, Clapp incurred substantial credit card debt, which he expected to be able to pay off when the lump sum salary was eventually paid.

10. In breach of its contract with Clapp and in violation of the Virginia Wage Payment Act Va. Code § 40.1-29 *et. seq*. ("VWPA") Concergix failed to pay Clapp his salary and subsequently terminated his employment without justification.

11. As a result, Clapp has incurred substantial damages in excess of not only the unpaid wages, but also credit card interest and damage to his credit score, which has impacted his ability to obtain credit.

12. Clapp brings this action now to recover for all of these damages plus his attorneys' fees and costs as provided under the VWPA.

## PARTIES

13. Plaintiff ("Clapp" or "Plaintiff") is a citizen of the Commonwealth of Pennsylvania, residing in Cumberland County, PA.

14. Defendant Concergix, LLC ("Concergix" or "Defendant") is a limited liability company organized under the laws of the Commonwealth of Virginia and its principal place of business is in Virginia.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C § 1332(a) because the amount in controversy exceeds $75,000.00 and plaintiff is not a citizen of the same state as

defendant.

16. Venue is proper in this District and Division under 28 U.S.C. §1391 because (1) a substantial part of the events or omissions giving rise to the claims occurred in this District and Division; and (2) defendant's principle place of business is located in this district, specifically in Vienna, Virginia.

## FACTS

17. Concergix is a nationwide durable medical equipment provider and a medication platform for hospice organizations. It also provides clinical consulting for pharmacists.

18. On March 13, 2024, Plaintiff and Defendant entered a written contract.

19. Pursuant to that contract, Clapp was to receive $10,000.00/month for three months to be employed as its COO.

20. Although Clapp was to be paid monthly at a rate of $10,000.00/month, by May 1, 2024 he had not received any money from Concergix.

21. On May 2, 2024, Defendant's Chief Operating Officer ("CEO") approached Clapp to ask if he could amend the initial agreement.

22. The CEO proposed deferring the Clapp's $10,000.00 monthly payments of accrued wages per month to $10,000.00 per month to then be paid together no later than December 15, 2024.

23. Clapp agreed to that monthly compensation with the understanding that he would be paid at a monthly rate of $10,000.00 month as long as he served as an employee for Defendant as its COO.

24. Clapp continued to work in a full-time capacity for Defendant as its COO through November of 2024.

25. In his capacity as COO, he signed Third-Party vendor contracts, created cost comparisons, presented proposals to prospects, attended national and state conferences as the Defendant's COO, and performed all aspects of that of an employee.

26. Clapp performed services for Defendant through November 14, 2024, including performing executive-level duties as its COO.

27. From his time as COO in March 2024 until he was unlawfully terminated on November 14, 2024, none of his monthly wages were paid.

28. Defendant publicly held Clapp out as an executive and officer of the company from the point in time he was hired and through that date.

29. Clapp's responsibilities as COO included, among other things, directing operations, finances, and staff under the CEO's control and supervision.

30. Defendant included Clapp in its "Three-Year estimated budget" noting the accrued payment amounts due to the Clapp, and a salaried position in years 2025 and 2026.

31. Defendant terminated Clapp's employment on November 14, 2024, and failed to pay Clapp his accrued wages totaling $10,000.00 per month at that point.

32. Despite repeated demands by Clapp, Defendant has refused to pay the wages owed.

33. Clapp was misclassified as an "independent contractor".

34. His work met the legal definition of an employee under Va. Code § 40.1-28.7:7.

35. Defendant willfully misclassified Clapp to avoid tax and employment obligations in violation of Virginia law and Federal law.

36. The misclassification caused further harm by denying Clapp benefits and protections under wage, tax, and labor laws.

37. Defendant failed to provide Clapp with a W-2 for the retainer paid to the Plaintiff

and did not provide any tax deductions from the retainer.[1]

38. Defendant's failures were willful, justifying treble damages and attorneys' fees and costs.

## COUNT I
## (Breach of Contract)

39. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

40. Defendant breached the agreement by failing to pay the agreed-upon $10,000.00 monthly compensation accrued during the eight months Clapp worked for Defendant.

41. Defendant purposefully utilized Clapp's intellectual knowledge and skills for nearly a year while not paying Plaintiff a fraction of what Plaintiff would have earned at a similar company employe.  all duties under the contract, working as a COO employee.

42. Clapp fully performed all duties under the contract as Defendant's COO.

## COUNT II
## (Violation of the Virginia Wage Payment Act Va.
## Code § 40.1-29 *et. seq.* for failure to timely pay wages to an employee)

43. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

44. Clapp is an employee as defined by the VWPA.

45. Defendant failed to pay Clapp all wages earned by December 15, 2024, thus violating timely payment under the VWPA.

46. Defendant violated the VWPA by failing to timely pay Clapp wages as an employee.

47. Therefore, Clapp has standing under the VWPA to seek unpaid wages in the amount

---

[1] In addition, Defendant failed to provide Plaintiff with a 1099 form.

of $80,000.00, which should be trebled to $240,000.00 because of Defendant's willful violations of the VWPA.

48. In addition, Clapp is entitled to his reasonable attorney's fees and costs under the VWPA.

## COUNT III
### (Violation of the Virginia Wage Payment Act
### Va. Code § 40.1-28 *et seq*. and 40.1-29 *et seq*. for worker misclassification)

49. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

50. Defendant misclassified Clapp as an independent contractor.

51. Defendant also failed to pay Clapp his wages as an employee.

52. As a result, Clapp has standing under the VWPA to seek unpaid wages in the amount of $80,000.00, which should be trebled to $240,000.00 because of Defendant's willful violations of the VWPA.

53. In addition, Clapp is entitled to his reasonable attorney's fees under the VWPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant in an amount to be proven at trial, but in any event no less than $240,000.00; and that the Court award him his costs and reasonable attorney fees as permitted by the VWPA.

Dated: September 15, 2025                Respectfully submitted,

By: */s/ Andrew M. Williamson*

Andrew Williamson
**FROST & ASSOCIATES, LLC**
Andrew Williamson (CA Bar #344695)
Andrew.williamson@frosttaxlaw.com
839 Bestgate Road, Suite #400
Annapolis, MD 21401
Tel.: (410) 497-5947
*Attorneys for Plaintiffs*

6

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable in this action.

/s/ Andrew M. Williamson